UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-305 (JRT/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | |
| WAYNE ROBERT DAHL, JR., | |
| Defendant. | |

For the following reasons, the United States recommends that Defendant Wayne Dahl receive a sentence of 60 months imprisonment. The United States believes that such a sentence, which is a downward variance below the low end of the applicable Guidelines range, is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

## I.     Relevant Facts

### A. Offense Conduct

On December 18, 2018, Dahl was charged in an eight-count Indictment with mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. Dahl entered a guilty plea pursuant to a plea agreement on July 20, 2020. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 69).

Dahl was the owner and Chief Executive Officer of Your Magazine Service, Inc. ("YMS"). YMS was a Minnesota business the fraudulently sold magazine subscriptions and operated a call center in Chaska, Minnesota.

Dahl ran YMS as a fraudulent telemarketing company. Dahl and his employees defrauded consumers by tricking them into signing up for costly magazine subscriptions through false representations and fraudulent sales tactics. Dahl purchase lead lists containing names of consumers who had active magazine subscriptions through other magazine companies. Dahl knew that many of the consumers of these lists were elderly or otherwise susceptible to fraud. Dahl nevertheless had his sales employees call the people of the lists and fraudulent sign them up for expensive magazine subscription packages.

Dahl directed his employees to use scripts that contained false and fraudulent representations designed to rick consumers into unwittingly signing up for costly magazine subscription packages.

Dahl's scripts directed his employees to falsely represent that his company, which he misleadingly named "Your Magazine Service," was the consumers' existing magazine provided. Dahl's script further directed his employees to falsely claim that the purpose of their call was to provide a one-time $150 credit on the consumer's existing account. In reality, and as Dahl knew, most of the consumers did not have an existing magazine subscription with YMS. Dahl's employees were calling consumers not to offer them a credit on their account, but to trick them into signing up for new magazine subscription packages.

In total, Dahl's company defrauded more than 13,000 people across the United States. Dahl and his company received more than $11 million from the consumers for these magazine subscription packages.

### B. Defendant's Criminal History

Dahl has a significant and lengthy criminal history, primarily stemming from his years' long struggles with substance abuse. This includes a federal felony for distribution of methamphetamine in 2005. Based on this, Dahl has a criminal history score of 23, and falls into criminal history category VI.

### C. Defendant's Personal History

Dahl faced no shortages of challenges in his life. His father was a long-time drug addict who was regularly in and out of prison. In large part due to this, his parents divorced when he was a young child. Dahl's father had several convictions, including a federal conviction resulting in a 5-year prison term at FPC-Duluth.

Dahl's mother worked hard to provide for him, especially after his father was sent to prison. She tried to shield Dahl from his father and the negative lifestyle, but eventually Dahl's father taught him the ways of the magazine industry.

Following charges in this case, Dahl removed himself from the fraudulent magazine industry. He currently works as a dump truck driver.

## II. Argument

### A. Legal Background

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**B.   The Appropriate Sentence**

A careful consideration of the Section 3553(a) factors warrants a sentence of 60 months imprisonment.

1. <u>The Nature and Circumstances of the Offense.</u>

Dahl's conduct was unquestionably serious and warrants a correspondingly serious sentence. He participated in a large, nationwide fraud scheme that targeted thousands of elderly and otherwise vulnerable victims. This Court has seen firsthand the effect of this scheme on the victims. Fixed income, elderly victims who were swindled out of tens of thousands of dollars of much needed retirement funds. Confused victims with dementia who were repeatedly preyed out because of their diminished capacity by Dahl's company and other companies involved in the conspiracy. Victims who were desperate to make the fraud stop—and Dahl and his company preyed on their desperation to defraud them over and over again.

Although Dahl knew well that he and others at the company were committing fraud, he continued to perpetuate the fraud day in and day out and carried out the

4

scheme for more than a decade. He knew the harm the fraud scheme caused—to vulnerable victims, elderly victims, confused victims—yet continued to perpetrate it day in and day out.

At the same time, Dahl is unique in that he was initially prosecuted, in part, because he responded to the Minnesota Attorney General Office's civil investigative demands. While many others in the industry ignored the requests or even fabricated their responses, Dahl responded truthfully.

2. The History and Characteristics of the Defendant.

Dahl has serious challenges in his upbringing. To some extent, he was born into the magazine industry, learning at the knee of his father (who also was charged and convicted of a federal crime). He followed in his father's footsteps, both in terms of substance abuse issues and the magazine industry.

At the same time, Dahl has done hard work to turn his life around. He has maintained his sobriety for years and he had worked hard to make amends for his crime.

3. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence

In light of the seriousness and wide-spread nature of the offense, Dahl requires a sentence that will not only prevent him from committing another offense in the future but will also provide general deterrence for others who operated similar fraudulent schemes brazenly throughout the country for decades. Dahl and others who participate or consider participating in a similar scheme are more likely to be deterred from committing fraud if they learn there are serious consequences, and

they will pay a stiff price for it. A significant sentence will promote respect for the law and reflect the damage to victims and the community as a whole as a result of a large-scale fraud scheme that preyed on elderly and otherwise vulnerable victims.

A sentence of 60 months imprisonment will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further similar fraud schemes.

### III. Conclusion

For all the above reasons, the United States respectfully requests that the Court vary downward and impose a sentence of 60 months imprisonment.

Respectfully submitted,

Dated: January 13, 2025

ANDREW M. LUGER
United States Attorney

/s/ *Harry M. Jacobs*

BY:   HARRY M. JACOBS
      JOSEPH H. THOMPSON
      MATTHEW S. EBERT
      MELINDA A. WILLIAMS
      GARRETT S. FIELDS
      Assistant U.S. Attorneys